IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 1:26-cv-00095-RBJ

SERHAT GUNES,

      Petitioner,

v.

KRISTI NOEM, TODD LYONS,
ROBERT HAGAN, JUAN BALTAZAR,
in their official capacities,

      Respondents.

## ORDER

Before the Court are the Petitioner's Amended Petition for Writ of Habeas Corpus (Petition), ECF No. 4, and Motion for an Emergency Temporary Restraining Order (Motion), ECF No. 5. The Court GRANTS the Motion to the extent that it enjoining Respondents from transferring outside the District of Colorado during the pendency of this proceeding.

### Background

The Court draws the facts in this section from the Petition, and for the purpose of this Order, assumes their truth.

1

Petitioner, a native and citizen of Turkey, entered the United States on November 9, 2024. ECF No. 1 at ¶ 2. He has applied for asylum. *Id.* at ¶ 22.

Shortly after his arrival in the United States, Petitioner was issued a Notice to Appear (NTA) and placed in full removal proceedings pursuant to 8 U.S.C. § 1229(a). *Id.* On the NTA, the government classified Petitioner as an "alien present in the United States who has not been admitted or paroled" as opposed to an "arriving alien." *Id.* at ¶ 23. On January 3, 2025, the government granted Petitioner release from detention on a one-year term of parole. *Id.* at ¶ 24. Petitioner states that he has complied with the terms of his parole. *Id.* at ¶¶ 25-26.

On December 31, 2025, as Petitioner was driving through Wyoming, he was stopped and taken into custody, presumably by immigration authorities. *Id.* at ¶ 28. He was subsequently taken to the contract detention center in Aurora, Colorado, where he remains in detention. *Id.* at ¶ 30.

## Analysis

Petitioner argues that his termination of parole and detention without bond violate his statutory rights under the Immigration and Nationality Act, *see* §§ 1225(b)(2) and 1226(a), constitutional due process, and ICE's binding regulations under the Administrative Procedure Act, *see* 8 C.F.R. § 212.5(e)(2)(i) and 5 U.S.C. § 706(2)(A). ECF No. 1 at ¶¶ 98-133. Among other relief, Petitioner seeks his immediate release, or alternatively, an order requiring Respondents to provide him

2

with a bond hearing before an Immigration Judge. *See id.* at 26-27. In his Petition, and his separately filed Motion, he requests an order enjoining Respondents from transferring him outside the District of Colorado during the pendency of this action. *See id.* at 26; ECF No. 5.

A court presented with an *ex parte* emergency request for a temporary restraining order (TRO) pursuant to Federal Rule of Civil Procedure 65 is authorized to issue a TRO to avoid "immediate and irreparable injury." Fed. R. Civ. P. 65(b)(1)(A). The basic purpose of a TRO is to "preserv[e] the status quo and prevent[] irreparable harm" before a preliminary injunction hearing may be held. *Granny Goose Foods, Inc. v. Bd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cnty.*, 415 U.S. 423, 439 (1974). TROs are—by definition—temporary: a TRO issued on an *ex parte* basis lasts no more than 14 days (unless the issuing court extends it "for good cause … for a like period or the adverse party consents to a longer extension"). *See* Fed. R. Civ. P. 65(b)(2). Moreover, when a court issues an *ex parte* TRO, the adverse party may appear on two days' notice—or on a shorter notice set by the court—and move to dissolve or modify the TRO. *See* Fed. R. Civ. P. 65(b)(4).

Petitioner presented sufficient evidence to indicate that, absent court intervention, Respondents are unlikely to release him. The government is constitutionally obligated to provide due process. *See Trump v. J.G.G.*, 145 S. Ct.

1003, 1006 (2025) (per curiam) ("'It is well established that the Fifth Amendment entitles aliens to due process of law' in the context of removal proceedings." (quoting *Reno v. Flores*, 507 U.S. 292, 306 (1993))).  Expedited court intervention is sometimes necessary to prevent violations of due process rights during immigration proceedings.  *See A.A.R.P. v. Trump*, 145 S. Ct. 1364, 1368 (2025) (granting TRO to prevent expedited deportation potentially violative of due process).

To protect the status quo and preserve this Court's jurisdiction, the Court enters the TRO to the extent that Respondents are hereby enjoined from removing Petitioner from the United States or transferring him out of Colorado unless or until this Court or the Court of Appeals for the Tenth Circuit vacates this order.  *See* 28 U.S.C. § 1651(a); *see also Cervantes Arredondo v. Baltazar et al.*, 1:25-cv-03040-RBJ (D. Colo. Oct. 8, 2025) (ECF No. 11); *Pineda v. Baltasar et al.*, 1:25-cv-02955-GPG-TPO (D. Colo. Sept. 25, 2025) (ECF No. 10).  The Court expresses no opinion at this time as to the merits of the pending Petition and Motion and does not rule on any of the other relief Petitioner seeks, such as ordering his release.

To the extent they have not yet done so, no later than Friday, January 16, 2026, Petitioner's counsel is directed to (1) serve Respondents with a copy of the Petition, Motion, and accompanying papers, along with a copy of this Order, by e-mail and by overnight mail; and (2) promptly file proof of such service on the docket.  Within fourteen days of service, Respondents are ORDERED TO SHOW CAUSE as to why

4

the Petition should not be granted and the Petitioner released from custody. *See Yassine v. Collins,* No. 1:25-cv-00786-ADA-SH, 2025 WL 1954064, at *1 (W.D. Tex. July 7, 2025) (explaining that while § 2243 refers to a three day deadline, this requirement is "subordinate to the district court's authority to set deadlines" itself, and granting respondents a fourteen day deadline to respond in order to "give [r]espondents adequate time to brief the issues" (quotations omitted)); *Cortes v. Noem,* No. 1:25-cv-02677-CNS, 2025 WL 2652880 (D. Colo. Sept. 16, 2025).

It is SO ORDERED.

Dated: January 15, 2026   BY THE COURT:

_____

R. Brooke Jackson
Senior United States District Court Judge